```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF TENNESSEE
            WESTERN DIVISION
```

```
CHARLES E. and                )
MICHELLE P. BOLTON,           )
                              )
          Plaintiffs,         )
                              )
v.                            )    No. 2:12-cv-3031-JPM-dkv
                              )
UNITED STATES OF AMERICA,     )
                              )
          Defendants.         )
```

**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE**

Before the Court is Plaintiffs Charles E. and Michelle P. Bolton's ("Plaintiffs") Motion to Strike Defendant United States of America's ("Defendant" or "Government") First and Second Defenses (Pls.' Mot. to Strike, ECF No. 10), filed March 19, 2013. Defendant filed its Response in opposition to the Plaintiffs' Motion on April 5, 2013. (ECF No. 17.) For the reasons that follow, the Plaintiffs' Motion is DENIED.

**I.  Background**

This case arises under the internal revenue laws of the United States for recovery of interest that was allegedly assessed and collected "erroneously and illegally" from Plaintiffs "for the tax years 1998 and 2000." (Compl., ECF No. 1 ¶ 1.) Plaintiffs allege that they filed a joint income tax return for tax year 1998, and in 2006 received a notice of tax

liability.  (Id. ¶¶ 6-8.)  Plaintiffs thereafter paid $258,120 of interest on December 20, 2006.  (Id. ¶¶ 8-9.)  Plaintiffs similarly allege that they filed a joint income tax return for tax year 2000, and in 2006 received a notice of tax liability.  (Id. ¶¶ 17-18.)  Plaintiffs thereafter paid $2,820,978 of interest on December 20, 2006.  (Id. ¶¶ 18-20.)

Plaintiffs further allege that on November 20, 2007, they "filed a Form 843, Claim for Refund and request for Abatement, requesting a refund of interest paid as a result of IRS errors or delay under 26 U.S.C. § 6404(g) in the amount of $743,112, or such greater amount as may be legally refundable, for the tax years 1998 and 2000."  (Id. ¶ 10.)  "On December 3, 2010, the Internal Revenue Service sent Plaintiffs a notice of disallowance of their claim for refund under 26 U.S.C. § 6404(g) for interest paid for the 1998 tax year."  (Id. ¶ 12.)  On the same date, the IRS also sent Plaintiffs a "notice of disallowance of their claim for refund under 26 U.S.C. § 6404(g) for interest paid for the 2000 tax year."  (Id. ¶ 23.)  The notices indicated that the Plaintiffs' claim for refund was denied because "[i]nterest suspension [under 26 U.S.C. §6404(g)] does not apply in a case involving fraud."  (Id. ¶¶ 13, 24 (internal quotation marks omitted)); see 26 U.S.C. § 6404(g)(2)(B).

Plaintiffs demand judgment in their favor in the amounts of $258,120 for tax year 1998, plus interest; $2,820,978 for tax year 2000, plus interest; and "[P]laintiff's costs, attorney's fees, and such other and further legal and/or equitable relief as this court deems appropriate." (Compl., ECF No. 1, at 6.)

Defendant filed its Answer on January 27, 2013. (Def.'s Answer, ECF No. 7.) In its Answer, the Government's First Defense provides that Plaintiffs are not entitled to suspension of interest under 26 U.S.C. § 6404(g) because, "[a]mong other things, Plaintiff Charles Bolton pled guilty in federal court to conspiracy to commit federal tax crimes under 18 U.S.C. § 371." (Def.'s Answer, ECF No. 7, at 1); see United States v. Bolton, No. 07-453 (S.D.N.Y. 2009). The Government further asserts that in Charles Bolton's plea, "he admitted that between 1999 and 2006, he 'entered into an agreement with others to impede and mislead the Internal Revenue Service' about his and his client's participation in tax shelters known as 'CDS and CDS Add-On Transactions.'" (Def.'s Answer, ECF No. 7, at 1.) The Government also states, "[Charles Bolton] admitted that he 'submitted a sworn statement to the IRS on which I stated that my decision to participate personally in that CDS transaction was primarily profit driven and that tax avoidance was not a significant purpose of the CDS transaction. That was false.'" (Id.)

3

For its Second Defense, the Government states, "Plaintiffs are not entitled to an award of attorneys' fees or costs." (Id. at 2.)

"Pursuant to Rules 8 and 12(f) of the Federal Rules of Civil Procedure," Plaintiffs move to strike Defendant's First and Second Defenses for "failure to satisfy the pleading requirements of the Federal Rules of Civil Procedure." (Pls.' Mot. to Strike, ECF No. 10, at 1.)

**II. Standard of Review**

Under Rule 12(f) of the Federal Rules of Civil Procedure ("Rule 12(f)"), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are applicable only to pleadings. Fox v. Mich. State Police Dep't, 173 F. App'x 372, 375 (6th Cir. 2006). "It is well-established that the action of striking a pleading should be used sparingly by the courts." Parlak v. U.S. Immigration & Customs Enforcement, No. 05-2003, 2006 U.S. App. LEXIS 32285, at *3 (6th Cir. Apr. 27, 2006) (internal quotation marks omitted).

"What constitutes an insufficient defense under Rule 12(f) depends upon the nature of the affirmative pleader's claim for relief and the particular defense that is in question." Snow v. Kemp, No. 10-2363-STA-cgc, 2011 U.S. Dist. LEXIS 8866, at *6 (W.D. Tenn. Jan. 28, 2011) (citing 5C Charles Alan Wright &

4

Arthur R. Miller, Federal Practice and Procedure, § 1381 (3d ed. 2004)). A defense may be insufficient under Rule 12(f) if it fails to meet the pleading requirements governed by Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"). McLemore v. Regions Bank, Nos.3:08-cv-0021, 3:08-cv-1003, 2010 U.S. Dist. LEXIS 25785, at *44 (M.D. Tenn. Mar. 18, 2010), aff'd, 682 F.3d 414 (6th Cir. 2012). Rule 8(a) requires that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to give the opposing party "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks omitted). Rule 8(b) provides that "in responding to a pleading, a party must: (A) state in short plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Pursuant to Rule 8(c), in a responsive pleading, "a party must affirmatively state any avoidance or affirmative defense," including fraud. Fed. R. Civ. P. 8(c)(1).

A motion to strike a defense under Rule 12(f) "should be granted only when the pleading to be striken [sic] has no possible relationship to the controversy." Parlak, 2006 U.S. App. LEXIS 32285, at *3-4 (quoting Brown & Williamson Tobacco

Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)) (internal quotation marks omitted). After accepting as true the factual allegations contained in the defense, "if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient." Snow, 2011 U.S. Dist. LEXIS 8866, at *7 (quoting Williams v. Provident Inv. Counsel, Inc., 279 F. Supp. 2d 894, 906 (N.D. Ohio 2003)) (internal quotation marks omitted). Additionally, when presented with a Rule 12(f) motion, courts must assess if the moving party will be prejudiced by the inclusion of the defense. Damron v. ATM Central LLC, No. 1:10-cv-01210-JDB-egb, 2010 U.S. Dist. LEXIS 142812, at *6 (W.D. Tenn. Oct. 29, 2010). Ultimately, a motion to strike a defense under Rule 12(f) is "a drastic remedy to be resorted to only when required for the purposes of justice." Brown & Williamson, 201 F.2d at 822; accord Parlak, 2006 U.S. App. LEXIS 32285, at *3. While Rule 12(f) motions are occasionally granted, "the general practice is to grant the defendant leave to amend." Damron, 2010 U.S. Dist. LEXIS 142812, at *3 (internal quotation marks omitted).

### III. Analysis

Plaintiffs argue that Defendant's First Defense should be stricken for three reasons: (1) the defense "does not prove a fact that might allow the defense to succeed" (Pls.' Mot. to

Strike, ECF No. 10, ¶¶ 7-13); (2) the defense does not present a "substantial question of law that might allow the defense to succeed" (id. ¶¶ 14-16); and (3) the defense "prejudices plaintiffs because it introduces immaterial and scandalous facts that will protract the litigation" (id. ¶¶ 17-19).

Plaintiffs further argue that Defendant's Second Defense should be stricken for two reasons: (1) the Second Defense is "insufficient as a matter of law" (id. ¶ 20); and (2) the Second Defense "would deny plaintiffs a legal remedy" to allegations in Defendant's pleadings (id. ¶ 21).

The Government argues that Plaintiffs' Motion to Strike its First Defense should be denied because "the first defense is not wholly irrelevant to Plaintiffs' claims" and "gives Plaintiffs fair notice of the United States' defenses." (Def.'s Resp. to Pls.' Mot. to Strike, ECF No. 17, at 6-7.) Additionally, Defendant argues that Plaintiffs "have not shown that they will be prejudiced by [the inclusion] of the United States' First Defense." (Id. at 11.)

The Government similarly argues that the Plaintiffs' Motion to Strike its Second Defense should be denied because the "affirmative defense must be read in the context of Plaintiffs' Complaint" and therefore "satisfies the 'fair notice' standard of Rule 8." (Id. at 12.)

**A. Defendant's First Defense**

**1. Substantial Question of Fact and Law**

To grant a Rule 12(f) motion, the court must determine that the challenged allegations are "'so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense.'" Kilgore-Wilson v. Home Depot U.S.A., No. 2:11-cv-02601-JTF-cgc, 2012 U.S. Dist. LEXIS 131166, at *9 (W.D. Tenn. Sept. 13, 2012) (quoting Damron 2010 U.S. Dist. LEXIS 142812, at *2-3). At issue in the Plaintiffs' Motion to Strike is whether the Defendant's Answer provides sufficient facts in support of the affirmative defense of fraud, thereby providing fair notice to Plaintiffs of a potentially successful defense.[1]

As articulated in Plaintiffs' argument, a Rule 12(f) motion may be granted if a pleading does not meet the pleading standards of Rule 8. (Pls.' Mot. to Strike, ECF No. 10, ¶ 6.) Pursuant to Rule 8(b)(1)(A), a party responding to a claim must "state in short and plain terms its defenses to each claim asserted against it," in order to provide "fair notice of the defense that is being advanced [and] the grounds for entitlement

---

[1] The United States Court of Appeals for the Sixth Circuit has not addressed the issue of whether the "plausibility standard" articulated in Twombly applies to affirmative defenses such as fraud. See Twombly, 550 U.S. 544 (requiring a heightened pleading standard in which a plaintiff must allege sufficient facts within a complaint to establish a plausible claim). Under the current Sixth Circuit approach, the fair-notice standard for affirmative defenses continues to apply. Lawrence v. Chabot, 182 F. App'x 442, 456 (6th Cir. 2006); see also Kilgore-Wilson, 2012 U.S. Dist. LEXIS 131166, at *8; Damron, 2010 U.S. Dist. LEXIS 142812, at *5-6.

to relief." Del-Nat Tire Corp. v. A to Z Tire & Battery, Inc., No. 2:09-cv-02457-JPM-tmp, 2009 WL 4884435, at *2 (W.D. Tenn. Dec. 8, 2009) (internal quotation marks omitted). The facts asserted within Defendant's First Defense include (1) Plaintiff Charles Bolton pled guilty to conspiracy to commit federal tax crimes under 18 U.S.C. § 371; (2) Plaintiff Charles Bolton made a statement admitting that from 1999 to 2006 he entered into an agreement to "impede and mislead the Internal Revenue Service" about his participation in tax shelters; and (3) Plaintiff Charles Bolton made a statement admitting tax avoidance was a significant purpose of his related transactions. The Court finds these allegations offer sufficient evidence for an inference of fraud and accordingly provide the Plaintiffs with fair notice of the defense being advanced.

Contrary to Plaintiffs' argument, Defendant's Answer does not need to "prove" facts that might allow the defense to succeed (see Pls.' Mot. to Strike, ECF No. 10, ¶ 9), rather the Answer need only present facts that provide fair notice of the defense.[2] A motion to strike should not be granted where the sufficiency of a defense depends on disputed issues of fact or substantial questions of law. See Damron, 2010 U.S. Dist. LEXIS 142812, at *6. Plaintiffs' argument attempts to distinguish between the definition and elements of the term "Federal tax

---

[2] See supra n.1 and accompanying text.

crime," as used in the Defendant's Answer, and the term "defrauding an agency of the United States," as used in Charles Bolton's plea agreement in the previous criminal case. This argument depends on disputed issues of fact and substantial issues of law that cannot be determined in a motion to strike. Moreoever, this argument does not address or alter the Government's pleading obligation under Rule 8.

Plaintiffs also argue that the facts within Defendant's First Defense allege "immaterial and irrelevant facts that do not support an element [of fraud]." (Pls.' Mot. to Strike, ECF No. 10, ¶ 10; see also id. ¶¶ 11-13.) While such facts might not support a particular element of fraud, Defendant's allegations within the First Defense provide fair notice of the defense being advanced. Because "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense," the Court finds Defendant's answer sufficiently meets the pleading standard under Rule 8 to withstand a motion to strike under Rule 12(f). Estate of Robles v. Vanderbilt Univ., No. 3:11-cv-00399, 2011 U.S. Dist. LEXIS 131378, at *6 (M.D. Tenn. Nov. 10, 2011) (quoting Lawrence v. Chabot, 182 F. App'x 442, 456 (6th Cir. 2006)) (alteration in original) (internal quotation marks omitted). By arguing that facts have not been alleged to support the elements of the

defense, Plaintiffs are implicating the Government's future burden of proof rather than its present pleading standard.

Additionally, the Court notes that motions to strike are inappropriate during the pre-discovery stage before parties have had the opportunity to gather additional evidence in support of their claims. Damron, 2010 U.S. Dist. LEXIS 142812, at *6-7. The action is used sparingly because of the "practical difficultly of deciding cases without a factual record." Mapp v. Bd. of Educ., 319 F.2d 571, 576 (6th Cir. 1963) (quoting Brown & Williamson, 201 F.2d at 822) (internal quotation marks omitted). As stated in its Answer, Defendant "intends to take discovery to gather additional evidence in support of its fraud claims." (Def.'s Resp. to Pls.' Mot. to Strike, ECF No. 17, at 8). Therefore, appropriate time should be given to develop such factual allegations in an attempt to meet the applicable burden of proof.

### 2. Prejudice to Plaintiffs

If a court finds an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within a pleading, a court must next address whether the moving party would be prejudiced by the inclusion of the defense. Fed. R. Civ. Pro. 12(f); see also Damron, 2010 U.S. Dist. LEXIS 142812, at *6. In order to grant a Rule 12(f) motion, the court must additionally find that the inclusion of the disputed pleading

prejudices the plaintiff.  See Snow, 2011 U.S. Dist. LEXIS 8866, at *9.  This determination similarly must be made in light of the well-settled notion that granting a 12(f) motion is "a drastic remedy to be resorted to only when required for the purposes of justice."  Brown & Williamson, 201 F.2d at 822.

Having found the Defendant's First Defense sufficient and material to the claim, the Court need not address Plaintiffs' argument regarding prejudice.  Accordingly, Plaintiffs' Motion to Strike Defendant's First Defense is DENIED.

### B.  Defendant's Second Defense

Defendant's Second Defense states, "Plaintiffs are not entitled to an award of attorneys' fees or costs."  (Def.'s Answer, ECF No. 7, at 2.)  Plaintiffs argue that "Defendant's Second Defense does not allege a legal defense nor does it allege facts that satisfy an element of a legal defense." (Pls.' Mot. to Strike, ECF No. 10, ¶ 20.)  Plaintiffs assert that Defendant's Second Defense should be stricken because it is a "cursory conclusion of law and legally insufficient as a matter of law."  (Id.)

The Government counters that its second defense must be read in the context of Plaintiffs' Complaint.[3]  (Def.'s Resp. to Pls.' Mot. to Strike, ECF No. 17, at 12.)  The Government argues

---

[3] Within its prayer for relief, Plaintiffs demand "plaintiff's [sic] costs, attorney's fees, and such other further legal and/or equitable relief as this court deems appropriate."  (Compl., ECF No. 1, at 6.)

that its assertion "satisfies the 'fair notice' standard of Rule 8" because Plaintiffs made "the boilerplate assertion" that they are entitled to an award of attorney's fees, yet "cited to no authority to justify his attorney's fee award, nor any facts to support this position." (Id.)

When filing a responsive pleading, a party may "assert in [its] answer to the complaint every defense, objection, or response the defendant has to the plaintiff's claim for relief, . . . denials, affirmative defenses, and counterclaims." King v. Taylor, 803 F. Supp. 2d 659, 669 (6th Cir. 2011), rev'd on other grounds, 694 F.3d 650 (6th Cir. 2012). "[I]ssues [are] waived when they are raised for the first time in motions requesting reconsideration or in replies to responses." Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008); see Foster v. Barilow, 6 F.3d 405, 406 (6th Cir. 1993) (affirming a defendant's award of attorney's fees because plaintiffs did not raise the issue in the district court proceedings and therefore waived it on appeal). To preserve such issues or defenses, "a defendant need only state the defense in its first responsive filing and need not articulate the defense with any rigorous degree of specificity." King, 694 F.3d at 657 (quoting Mattel, Inc. v. Barbie-Club.com, 310 F.3d 293, 307 (2d Cir. 2002)) (internal quotation marks omitted). "The filing of an answer is, after all, the main opportunity for

a defendant to give notice of potentially dispositive issues to the plaintiff." Johnson Assocs. Corp. v. HL Operating Corp., 680 F.3d 713, 718 (6th Cir. 2012) (holding that the defendant's defense should have been raised in its answer with a simple statement, thus preserving the opportunity to further litigate the details of the issue).

Again, the issue to consider regarding Defendant's Second Defense is whether it meets the responsive pleading requirements of Rule 8. To make that determination, the Court will consider "the nature of the affirmative pleader's claim for relief and the particular defense that is in question." Snow, 2011 U.S. Dist. LEXIS 886, at *6 (citation omitted). Because a "defense may be pleaded in general terms . . . as long as it gives plaintiff fair notice of the nature of the defense," the Court finds Defendant's Second Defense is sufficient under the pleading standard of Rule 8.[4] Estate of Robles, 2011 U.S. Dist. LEXIS 131378, at *6 (quoting Lawrence 182 F. Appp'x 442, 456) (internal quotation marks omitted). A statement denying a plaintiff's claim for relief (a claim for attorney fees in the instant case) provides Plaintiffs with fair notice of the Defendant's assertion. Accordingly, the Court finds Defendant's Second Defense sufficient under Rule 8's pleading standard.

---

[4] See supra n.1 and accompanying text.

Plaintiffs' Motion to Strike Defendant's Second Defense is DENIED.

**IV. Conclusion**

For the reasons stated above, the Court DENIES Plaintiffs' Motion to Strike Defendant's First Defense and Second Defenses.

**IT IS SO ORDERED**, this 1st day of August, 2013.

/s/ Jon P. McCalla_____
CHIEF U.S. DISTRICT JUDGE